IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>BRANDON DARIN JENSEN,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT (Phase II)**<br><br>Case No. 4:20-cr-00111-DN<br><br>District Judge David Nuffer |

      This Order Continuing Trial and Excluding Time Under the Speedy Trial Act is entered in the context of the consequences of the Coronavirus Disease ("COVID-19") in the District of Utah. The effect of this pandemic was to suspend all in person hearings and criminal trials for over a year. This unprecedented court closure has created a substantial backlog of criminal trials.

      Holding criminal jury trials is challenging under the COVID-19 conditions. Courts and court operations are necessarily social operations, involving many people. The ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial is significantly reduced by the pandemic and health agency requirements. Empaneling a jury, conducting a trial, and arranging jury deliberations, with due regard for health and safety, considering the broad spectrum of participants and their contacts outside the court, is not currently possible in the physical facilities available to the court. Long exposure in confined spaces, which is inherent in trial, increases risk of infection. Video and audio conferencing, used for hearings, are not available for criminal trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to confer with Defendant, under these circumstances is also greatly reduced.

The court has made diligent preparations for resumption of in person proceedings including jury trials. Plexiglass barriers for in person hearings have been installed in all courtrooms, and two courtrooms in Salt Lake City and one in St. George are fully outfitted with barriers for jury trials.[1] Signage has been installed, and restrictions on courthouse entry are in place. A mock jury orientation, selection, and trial was conducted so that the court and personnel are ready – when the pandemic danger subsides enough to permit jury trial. A plan for resumption of jury trials, with many exhibits, has been posted by the court. Plans have been made for virtual voir dire, which would relieve the need for an entire jury panel to come into the court. Vaccines are becoming more rapidly available. But public compliance with masking and social distancing remains inconsistent and the effectiveness of the vaccines on COVID-19 variants is unknown. Therefore, trials must be conducted under COVID-19 safe protocols.[2]

When Utah's case count was declining, the court posted information on Resumption of Certain In-Person Court Proceedings consistent with the plan for phased reopening outlined in General Order 20-021. General Orders from Chief Judge Robert J. Shelby[3] moved the court to Phase II of its phased reopening plan effective April 1, 2021, and extended the postponement of most civil and criminal proceedings through July 31, 2021, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act for all criminal cases through July 31, 2021. Under those orders, beginning April 29, 2021, the court began continuous, consecutive criminal jury trials—one trial at a time in the Federal courthouse in Salt Lake City. Trials are scheduled according to priority based on several criteria, and additional

---

[1] *See* Forms for use in COVID-19 conditions at https://www.utd.uscourts.gov/southern-region-district-utah and the Courtroom photographs (https://www.utd.uscourts.gov/sites/utd/files/Courtroom%20photographs.pdf) (last visited April 1, 2021.

[2] *See* COVID-19 Trial Order Addendum at https://www.utd.uscourts.gov/sites/utd/files/COVID-19%20Trial%20Order%20Addendum.pdf (last visited April 1, 2021).

[3] General Order 21-003; General Order 21-007.

criminal jury trials will be scheduled accordingly. The same prioritization of trials will occur in the courthouse in St. George. Prioritization of trials necessarily implies that some trials will occur before others.

However, the most recent General Order[4] moved the court back to Phase I of its phased reopening plan due to conditions related to the Omicron variant and its impact in the District. General Order 22-002 also vacated all criminal trials scheduled between January 5, 2022, and February 14, 2022, including trial in this case. And time under the Speedy Trial Act for all criminal cases, including this case, was excluded between January 1, 2022, and February 14, 2022, based on the "ends of justice" due to issues relating to the coronavirus outbreak in Utah and nationwide.

### Exclusion of Time under the Speedy Trial Act

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[5] Such an exclusion of time is specifically prohibited "because of general congestion of the court's calendar."[6]

But these conditions are not "general congestion." The need to conduct trials safely and reduce the backlog of older cases with defendants in custody requires careful triage and prioritization of trials. Failure to take these precautions would result in a miscarriage of justice[7] and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[8] Therefore, the ends of

---

[4] General Order 22-002.

[5] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

[6] 18 U.S.C. § 3161(h)(7)(C).

[7] 18 U.S.C. § 3161(h)(7)(B)(i).

[8] *Id*. § 3161(h)(7)(B)(iv).

justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial.[9] The time from January 1, 2022, to the new trial date will be excluded from Defendant's speedy trial computation.

### New Trial Date

The government has filed motion seeking to continue the trial in this case to a date on or after April 1, 2022 ("Motion").[10] The basis for the Motion was to account for the restrictions imposed by current public-health concerns, and to allow counsel adequate time to prepare for trial, taking into account the exercise of reasonable diligence.[11] Defendant does not object to the government's Motion.[12]

Based on facts asserted within the government's Motion and considering the concerns and considerations that lead to General Order 22-002, a failure to grant the requested continuance would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[13] the ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial.[14]

---

[9] *Id*. § 3161(h)(7)(A).

[10] Motion to Exclude Time Under the Speedy Trial Act and to Set a New Trial Date ("Motion") at 1, 19, docket no. 23, filed Jan. 18, 2022.

[11] *Id*. at 19; 18 U.S.C. § 3161(h)(7)(B)(iv).

[12] *Id*.

[13] 18 U.S.C. § 3161(h)(7)(B)(iv).

[14] *Id*. § 3161(h)(7)(A).

**ORDER**

IT IS HEREBY ORDERED that the government's Motion[15] is GRANTED. The 3-day jury trial scheduled to begin on January 31, 2022, is continued to April 4, 2022, at 8:30 a.m.

IT IS FURTHER ORDERED that the time from January 1, 2022, to the new trial date, April 4, 2022, is excluded from Defendant's speedy trial computation.

IT IS FURTHER ORDERED that the order for the parties to file a status report by noon on January 24, 2022, is MOOT.[16]

Signed January 19, 2022.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[15] Docket no. 23, filed Jan. 18, 2022.
[16] Docket no. 24, filed Jan. 18, 2022.